AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Harvey Calderon

*Defendant(s)*

Case No. 6:26-mj-2181

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 15, 2026 in the county of Orange in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possess with intent to distribute a controlled substance. |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Hector Adames, SA, HSI

*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 16, 2026

*Judge's signature*

City and state: Orlando, Florida

Robert M. Norway, U.S. Magistrate Judge

*Printed name and title*

**STATE OF FLORIDA** **CASE NO. 6:26-mj-** 2181

**COUNTY OF ORANGE**

**AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT**

I, Special Agent Hector Adames, Homeland Security Investigations ("HSI"), being duly sworn, state the following is true and correct to the best of my knowledge and belief:

1. This affidavit is being submitted in support of a Criminal Complaint charging Harvey Calderon (H. CALDERON) with violations 21 U.S.C. § 841(a)(1), conspiracy to possess with intent to distribute a controlled substance and distribution of a controlled substance. Due to the limited purpose of this affidavit, I have not included every fact known concerning this investigation. However, to the best of my knowledge, information, and belief, I have not omitted any material fact that undermines the statements and conclusions herein. I have set forth only the facts I believe are necessary to establish probable cause to show that H. CALDERON committed the aforementioned violation.

2. I am a Federal Officer with the Department of Homeland Security, where I have been employed since November 2010. I am currently assigned to the Tampa Division, Orlando Office, where I am responsible for conducting various investigative matters relating to criminal investigations involving narcotics and financial crimes. As part of my training to become an HSI Special Agent, I have received training in or participated in financial and narcotics investigations using both

traditional and contemporary investigative techniques to include physical surveillance, document review, witness interviews, record checks, seizure and analysis of electronic media and data, execution of search warrants and law enforcement operations which involve the seizure of illegal narcotics and U.S. Currency determined to be the proceeds of criminal activity.

## PROBABLE CAUSE

3. On September 24, 2026, U.S. Customs and Border Protection ("CBP") Officers at the International Mail Facility at the John F. Kennedy International Airport located in Queens, New York intercepted a parcel postmarked from Palghar, India, bearing tracking number EM797057818IN. The parcel was addressed to "H. HA" at 667 Durango Way, Altamonte Springs, Florida 32714, in the Middle District of Florida ("PREMISES 1"). The mailer was listed as "Deep Pharmaceuticals" alongside the return address, Office NO. 11, Crescent, Point, Padhey Complex, Mahim Highway Road Palghar - 401404 Maharashtra. The parcel was manifested as "Aspadol 100 MG." This parcel was shipped to the United States from India, and it falls under the authority of the CBP to search the parcel using border search authority. The parcel was found to contain 1.60 kilograms ("kg") of Tapentadol pills. These pills were located inside the parcel. CBP Officer Arelis Viera identified the pills by the substance name labeled on the blister packs and physical characteristics.

4. On September 28, 2026, the same mailer, "Deep Pharmaceuticals," mailed another parcel to the United States. The parcel, bearing the tracking

number EM797057910IN, was addressed to "H.C." at 295 Lewfield Circle, Winter Park, Florida 32792, in the Middle District of Florida ("PREMISES 2"). This parcel was also intercepted by law enforcement. The parcel was manifested as "Aspadol 100 MG," and it was found to contain 1.61 kg of Tapentadol.

5. Tapentadol is a Schedule II controlled substance that is commonly prescribed and sold in tablet form. Tapentadol is a centrally acting opioid analgesic that induces significant pain relief and mild euphoria, followed by a variety of depressive effects on the central nervous system. These are including but not limited to extreme drowsiness, dizziness, and constipation. Reports indicate that if the medication is stopped abruptly after regular use, severe withdrawal side effects may linger for days. In some cases, tapentadol can induce serious health complications like seizures, coma, or life-threatening respiratory depression.

6. According to the Driver and Vehicle Information Database ("DAVID"), PREMISES 2 has three listed individuals as residents, one of which is "HARVEY CALDERON." PREMESIS 2 is listed as H. CALDERON's mailing address on DAVID. Additionally, based upon DAVID and further investigation, H. CALDERON's mother resides at PREMISES 1, and she did not accept delivery of said package when a controlled delivery was conducted at PREMISES 1.

7. On October 15, 2026, a United States Postal Inspector ("USPIS"), acting in an undercover capacity, conducted a controlled delivery of a parcel addressed to PREMISES 2. Prior to the controlled delivery, investigators removed the controlled substances originally concealed within the intercepted parcel and

replaced them with an electronic monitoring device designed to transmit a signal upon the opening of the parcel.

8. The controlled delivery was successfully completed when H. CALDERON accepted the parcel from the undercover Postal Inspector at PREMISES 2. Following receipt of the parcel, H. CALDERON carried it inside the residence and closed the front door.

9. After allowing a reasonable amount of time to elapse following the delivery, law enforcement agents approached PREMISES 2, knocked and announced their presence and authority, and subsequently executed a previously authorized anticipatory search warrant, 26-mj-2060.

10. During the execution of the search warrant, agents conducted a search of the residence's sole bedroom and recovered additional evidence, including:

a. Twelve (12) boxes of Tapentadol 100 mg tablets, each containing 100 tablets, for a total of 1,200 tablets.

b. Five (5) Tapentadol blister packs, reportedly containing a total of 500 tablets of 100 mg each.

c. A package of rubber bands, consistent with materials commonly utilized to bundle narcotics for distribution.

d. Closing Disclosure documents identifying H. CALDERON as the owner of PREMISES 2.

11. A search of a garbage receptacle located in the kitchen of

PREMISES 2 revealed five (5) empty boxes of Tapentadol 100 mg tablets, along with nine (9) United States Postal Service (USPS) tracking and customer receipt slips.

12. Subsequent queries of USPS databases associated with the nine (9) recovered tracking numbers revealed that the corresponding parcels had entered the USPS mailing system in Winter Park, Florida and were addressed to recipients in various cities throughout the United States.

13. Investigators conducted a presumptive narcotics field test on the recovered Tapentadol tablets. The field test yielded a positive presumptive result for opium alkaloids.

## CONCLUSION

14. Based on the foregoing facts and circumstances, including H. CALDERON's receipt of the parcel during the controlled delivery, which originally contained 1.61 kilograms of Tapentadol, the substantial quantity of Tapentadol tablets recovered from PREMISES 2, the presence of materials consistent with narcotics packaging and distribution, and the recovery of multiple USPS shipping receipts associated with parcels destined for various locations throughout the United States, there is probable cause to believe that H. CALDERON knowingly possessed Tapentadol with the intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1).

15. Furthermore, the quantity of Tapentadol recovered, together with the packaging materials, empty Tapentadol boxes, and USPS shipping

documentation, provides evidence consistent with narcotics distribution activities. Accordingly, there is probable cause to believe that H. CALDERON committed a violation of Title 21, United States Code, Section 841(a)(1), specifically possession with intent to distribute a controlled substance.

16. Accordingly, there is probable cause to believe that H. CALDERON committed the offense 21 U.S.C. § 841(a)(1), conspiracy to possess with intent to distribute a controlled substance and distribution of a controlled substance.

Hector Adames
Special Agent, HSI

Affidavit submitted by email and attested
to me as true and accurate by
video conference consistent with
Fed. R. Crim. P. 4.1 and 4(d) before me
this 16th day of October, 2026.

HON. ROBERT M. NORWAY
United States Magistrate Judge